UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL E. JOZWIAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  23-00883 (UNA) |
| ) | |
| ) | |
| DAVID C. BURY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a prolix complaint and an application to proceed *in forma pauperis*. The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint is frivolous or fails to state a claim on which relief may be granted).

Plaintiff, a Wisconsin resident who previously resided in Arizona, has sued U.S. District Judge David C. Bury. The complaint, to the extent intelligible, arises from Defendant's rulings in Plaintiff's case filed in the U.S. District Court for the District of Arizona. *See* Compl., ECF No. 1 at 10 ("Bury Is Charged With Illegally Presiding Over And Dismissing The Plaintiff's ERISA Case Due To His Violations Of State and/or Federal Codes Of Judicial Conduct, Civil And Constitutional Rights, COVID Orders, ERISA-Law With That Of Written Law!"). Plaintiff seeks monetary damages and injunctive relief. *See id*. at 47-49.

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). It is established that judges

enjoy absolute immunity from suits for damages based, as here, on their rulings in a judicial proceeding. *See Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (finding "claims against the district and court of appeals judges . . . patently frivolous because federal judges are absolutely immune from lawsuits predicated, as here, for their official acts") (citing *Forrester v. White*, 484 U.S. 219, 225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993)); *see also Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995) (a complaint against judges who have "done nothing more than their duty" is "a meritless action."). Moreover, a federal district court such as this "cannot review decisions of another district court," *Lu v. Eid*, No. 21-5175, 2021 WL 6102201, at *1 (D.C. Cir. Nov. 29, 2021), and compel it to act. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (federal district courts "generally lack[ ] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts").

Because no "allegation of other facts" could plausibly cure the foregoing defects, the complaint is dismissed with prejudice. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam). A separate order accompanies this Memorandum Opinion.

Date: April 14, 2023

_____/s/_____
TANYA S. CHUTKAN
United States District Judge